## STEARNS *v.* WALLACE.

When an infant under guardianship is sued, the process should be served upon his guardian.

TRESPASS, for an assault. The defendant was described as an infant, under the guardianship of Harriet G. Wallace, and the officer was commanded by the writ to " summon said Harriet G. Wallace, in her said capacity, to appear," &c. The officer's return showed service of the summons upon the guardian, and there was a general appearance entered for her and her ward. The plaintiff was allowed to amend so that the precept would require the officer to " summon said William R. Wallace, and said Harriet G. Wallace in her capacity aforesaid"—to which they excepted. The declaration alleges an assault committed by the infant defendant on the plaintiff. The defendant filed a general demurrer, which was overruled, and he excepted.

*Wadleigh & Wallace*, for the defendants.

*Bailey & Cutter*, for the plaintiff.

SMITH, J. The statute authorized the suit to be brought against the ward " by his guardian," that is, by process served on his guardian. Gen. St., *c.* 165, *s.* 4. If the writ should have commanded the sheriff

to summon the ward by serving the writ on the guardian, the departure from that form is not a defect of substance, and is not a ground of demurrer. *Berry* v. *Osborn*, 28 N. H. 279, 289. The proposed amendment, making both guardian and ward parties, was unnecessary and irregular, and should not have been allowed. The statutory requirement of notice by service of process was substantially complied with. Summoning the guardian " in her said capacity," was equivalent to summoning the ward by a summons served on the guardian.

*Case discharged.*

STANLEY, J., did not sit.